[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14769
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00457-SCB-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNOLD MAURICE MATHIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 7, 2017)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Arnold Mathis, proceeding pro se, appeals the district court's denial of his motion for a new trial based on new evidence under Fed. R. Crim. P. 33 and the court's denial of an evidentiary hearing on the motion. He contends evidence allegedly discovered after trial shows the government illegally searched his cell phone without a warrant. He also asserts his motion warranted an evidentiary hearing. After review,[1] we affirm.

## I. DISCUSSION

A defendant may move for a new trial based on newly discovered evidence within three years of the verdict. Fed. R. Crim. P. 33. "A new trial is warranted based upon circumstances coming to light after trial only if the following five-part test is satisfied: (1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." *United States v. Lee*, 68 F.3d 1267, 1273 (11th Cir. 1995). The failure to satisfy any one of these elements results in denial of the motion. *Id.* at 1274. We have previously stated that "motions for a new trial are highly disfavored" and that district courts "should use great caution in granting a new trial motion based on

_____

[1] "We review the denial of a motion for a new trial for abuse of discretion." *United States v. Pendergraft*, 297 F.3d 1198, 1204 (11th Cir. 2002). We also review the denial of an evidentiary hearing on a motion for a new trial for abuse of discretion. *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996).

newly discovered evidence." *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (quotation omitted).

We rest our determination that the district court did not abuse its discretion on several independent grounds. First, Mathis failed to show the evidence was discovered after trial—even assuming the state accessed his cell phone on December 19, 2011, his expert came to that conclusion in his subsequent state trial based on the report tendered to him by the government during his federal case. Only his state expert's opinion was new; neither Mathis' expert in his federal case nor his attorney made such a contention when they had access to the report. Thus, Mathis fails the first prong of *Lee*. *United States v. Calderon*, 127 F.3d 1314, 1351 (11th Cir. 1997) (stating a motion for a new trial may not be based on evidence of which the defendant had knowledge prior to the return of the jury verdict). Second, and relatedly, Mathis did not exercise due care. As noted above, he had the opportunity to discover the alleged warrantless access, but did not do so. Finally, the evidence was not of such a nature as would probably produce a different result. The search warrant application did not contain any information gained from the alleged illegal access. The inculpating evidence from Mathis' cell phone would thus not have been suppressed, and the result of his trial would have been the same. *See United States v. Terzado-Madruga*, 897 F.2d 1099, 1115 (11th Cir. 1990) ("Under the 'independent source' doctrine, the challenged evidence will

be admissible if the prosecution can show that it derived from a lawful source independent of the illegal conduct.").

In addition, because the record already contained all of the evidence needed to dispose of Mathis' claims, the district court did not abuse its discretion by denying an evidentiary hearing. *United States v. Scrushy*, 721 F.3d 1288, 1305 n.30 (11th Cir. 2013).

## II. CONCLUSION

For the foregoing reasons, the order of the district court is affirmed.

**AFFIRMED.**